UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

INTER-AMERICAN DEVELOPMENT BANK,

                Plaintiff,

  v.

VENTI S.A. and INDUSTRIAS METALÚRGICAS
PESCARMONA S.A.I.C. y F.,

                Defendants.

_____

Misc. Case No. 1:16-CV-21016-JEM/Goodman

*(pending Southern District of New York Case No. 15-CV-4063 (PAE))*

**INTER-AMERICAN DEVELOPMENT BANK'S MOTION TO TRANSFER WITH**

**INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ 3

MEMORANDUM OF LAW ............................................................................................... 4

INTRODUCTION ............................................................................................................... 4

BACKGROUND ................................................................................................................. 6

    I.    THE UNDERLYING LITIGATION ...................................................... 6

    II.    THE SUBPOENA TO MR. PESCARMONA ........................................ 9

ARGUMENT ...................................................................................................................... 10

CONCLUSION ................................................................................................................... 14

CERTIFICATE OF GOOD FAITH CONFERENCE ....................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Inter-American Development Bank v. Venti S.A.*,
　　No. 15-CV-4063 (S.D.N.Y.) ..................................................................................................6

*SEC v. Dunlap*,
　　253 F.3d 768 (4th Cir. 2001) ...............................................................................................11

*Dispatch Printing Co. v. Zuckerman*,
　　No. 16-CV-80037, 2016 WL 335753 (S.D. Fla. Jan. 27, 2016) ............................................12

*In re Niaspan Antitrust Litig.*,
　　No. 15-CV-1208, 2015 WL 3407543 (D. Md. May 26, 2015) ..............................................12

*In re UBS Fin. Servs., Inc. of P.R. Secs. Litig.*,
　　113 F. Supp. 3d 286 (D.D.C. 2015) ......................................................................................12

*Wultz v. Bank of China, Ltd.*,
　　304 F.R.D. 38 (D.D.C. 2014) ................................................................................................13

**RULES**

Fed. R. Civ. P. 30(b)(6) ....................................................................................................................7

Fed. R. Civ. P. 45 .................................................................................................................4, 10, 13

Fed. R. Civ. P. 69(a)(2) ...................................................................................................................8

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 4 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

The Inter-American Development Bank (the "IDB") hereby moves to transfer this entire discovery dispute to the U.S. District Court for the Southern District of New York ("S.D.N.Y.") pursuant to Fed. R. Civ. P. 45(f) for the reasons set forth in the memorandum below and the Declaration of David Daniels filed herewith.

## MEMORANDUM OF LAW

## INTRODUCTION

This Court should transfer Mr. Pescarmona's Petition to Quash Subpoena and for Protective Order (the "Petition") and the IDB's Cross-Motion to Compel (the "Cross-Motion to Compel") to the S.D.N.Y. The Petition and the Cross-Motion to Compel are closely connected to a pre-existing, complex dispute, and their resolution necessarily involves the application of discovery orders previously issued by the S.D.N.Y. That Court should be permitted to enforce what it has already decided.

The need for transfer is underscored by the long history of stone-walling and evasion giving rise to this discovery dispute. The Petition is merely the latest chapter in a two-year-long campaign to frustrate the IDB's efforts to recover on a $150 million loan it extended in 2011 to a Brazilian company owned and controlled by the Pescarmona family—one of the wealthiest families in Argentina. That loan was guaranteed by two Argentine entities, Defendants Venti S.A. ("Venti") and Industrias Metalúrgicas Pescarmona S.A.I.C. y F ("IMPSA"). Those two entities are also owned and controlled by the Pescarmonas. The Pescarmonas' companies have failed to repay a single dollar of the loan's principal and have utterly failed to honor their guarantees to the IDB.

Since May 2015, the IDB has been attempting to recover the unpaid loan through litigation against Venti and IMPSA in the S.D.N.Y. The IDB filed its case against those

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 5 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

Defendants in the S.D.N.Y.  The case was assigned to Judge Paul A. Engelmayer.  After Defendants appeared and answered, Judge Engelmayer entered summary judgment against them and in the IDB's favor for the sum of $167,472,807.40.  Defendants have refused to pay any portion of that judgment and have instead frustrated all collection efforts.  And Defendants have categorically refused to comply with any of the IDB's requests for post-judgment discovery.

Judge Engelmayer has been actively involved in the IDB's efforts to enforce the judgment.  Among other things, Judge Engelmayer has ordered the production of a broad category of documents relating to Defendants' financial condition, the location of their assets and efforts to restructure or refinance their debts.  When Defendants failed to comply with that order, Judge Engelmayer found them in civil contempt and imposed sanctions in the amount of $10,000 per day.  Those sanctions continue to accrue.

Mr. Pescarmona is fully subject to all of the orders that Judge Engelmayer issued.  While he claims in his Petition that he no longer has a connection with Defendants, that representation does not appear to be true.  Mr. Pescarmona is presently the director of two Spanish companies that own and control Defendants.  Declaration of David Daniels, Exs. 6-11 ("Daniels Decl.").  He evidently continues to receive documents bearing on Defendants' financial condition.  *Id. See, e.g.*, Exs. 15-16.  Indeed, Mr. Pescarmona's counsel <u>admitted in discussions leading up to the Petition that his client currently has in his possession documents relating to Defendants' efforts to restructure their loan obligations.</u>  *Id.* <u>¶ 8.  All such documents are directly responsive to Judge Engelmayer's orders to compel and for civil contempt.</u>

The S.D.N.Y. should determine in the first instance whether its outstanding orders require Mr. Pescarmona to produce responsive documents in his possession, as discussed in the IDB's Cross-Motion to Compel filed concurrently with this motion.  A transfer is necessary to prevent

5

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 6 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

inconsistent decisions and to permit Judge Engelmayer to interpret and enforce his own orders. Such a transfer makes particular sense given that Judge Engelmayer is already familiar with the circumstances giving rise to this discovery dispute. All motions relating to the Petition should therefore be transferred to the S.D.N.Y. for determination.

## BACKGROUND

### I.     THE UNDERLYING LITIGATION

The IDB is an international lending institution owned by its forty-eight member countries, including the United States.[1] The purpose of the IDB is to further, through its financing activities, the economic and social development of Latin America and the Caribbean. On December 9, 2011, the IDB entered into a loan facility with Wind Power Energia, S.A. ("WPE"). At the time, WPE was a wholly-owned subsidiary of IMPSA. Pursuant to the terms of the loan agreement, WPE was permitted to borrow up to $150 million from the IDB. At the time the loan was issued, IMPSA signed an unconditional guarantee to repay the loan in the event of any payment default.

IMPSA reorganized its corporate structure in 2014. As a result, both WPE and IMPSA were placed under a new corporate holding company, Venti. The loan agreement anticipated this potential restructuring and required that, in the event of a corporate restructuring, WPE's new parent company execute an unconditional guarantee. In satisfaction of the terms of the loan agreement, Venti entered into a separate unconditional guarantee on January 30, 2014.

---

[1] The complete factual record relating to the underlying dispute can be found at *Inter-American Development Bank v. Venti S.A.*, No. 15-CV-4063 (S.D.N.Y.). The IDB respectfully refers the Court to the ECF docket in that action (the "S.D.N.Y. Dkt.")—and particularly to the Declaration of Hans Schulz in Support of the IDB's Motion for Summary Judgment set forth at S.D.N.Y. Dkt. 26—rather than repeating those filings here.

Misc. Case No. 1:16-CV-21016-JEM/Goodman

Venti and IMPSA are both presently headquartered in Argentina. Venti, IMPSA and WPE are part of a large, international corporate structure, owned and managed in large part by a single family—the Pescarmonas. The Pescarmonas have business interests located all over the world, including in South America, Europe and Asia.

WPE ultimately borrowed the entire $150 million under the loan agreement in two tranches, and WPE was, therefore, obligated to repay the entire $150 million principal amount plus interest. On August 15, 2014, however, WPE failed to make a $4.4 million interest payment, thereby defaulting on the loan. The IDB sent WPE a notice of default on August 20, 2014, but WPE failed to cure its breach and made no additional payments. The IDB then turned to Venti and IMPSA for repayment under the guarantees. Neither guarantor has made any payments to the IDB in breach of their respective guarantees.

The IDB filed the underlying lawsuit in the S.D.N.Y. to enforce the guarantees. On August 28, 2015, the IDB moved for summary judgment on its claim. S.D.N.Y. Dkt. 23. On September 14, 2015, the S.D.N.Y. granted the motion. The S.D.N.Y. entered judgment against IMPSA and Venti in the amount of $168,172,908.92. S.D.N.Y. Dkt. 30, 33.

Following entry of judgment, the IDB served a Second Set of Requests for the Production of Documents. Daniels Decl., Ex. 1. The IDB also served deposition notices under Fed. R. Civ. P. 30(b)(6). Defendants failed to respond to the document requests or deposition notices. On December 21, 2015, the IDB wrote to the Court seeking a conference "to address the wholesale refusal of Defendants [Venti and IMPSA] to respond to post-judgment discovery" and the "urgent need for such discovery given that recently learned information indicate[d] that Defendants may . . . be transferring assets in violation of their obligations under U.S. law." S.D.N.Y. Dkt. 53 at 1. The Court issued a December 23, 2015 Order stating that Plaintiff was

7

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 8 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

entitled to discovery in aid of a judgment or execution under Fed. R. Civ. P. 69(a)(2), and ordering Defendants to produce documents by January 6, 2016 and to designate witnesses for depositions that should take place no later than January 20, 2016.  Daniels Decl., Ex. 2 (S.D.N.Y. Dkt. 54).  Defendants took no steps whatsoever to comply with the Court's December 23, 2015 Order or otherwise satisfy the judgment.

On December 28, 2015, the IDB filed a Motion to Enforce Judgment, Appoint Receiver and Issue Permanent Injunction, seeking the S.D.N.Y.'s assistance to enforce the judgment entered against the Defendants.  S.D.N.Y. Dkt. 55.  The IDB submitted that Defendants had refused to comply with discovery demands, and expressed its concern that "Defendants' sprawling international footprint and [their] refusal to permit discovery create[d] uncertainty as to the IDB's ability to satisfy the judgment absent additional relief from th[e] Court."  S.D.N.Y. Dkt. 56 at 1.  On February 5, 2016, the Court issued an Order granting the IDB's motion in full and retaining jurisdiction to monitor and enforce its Order.  S.D.N.Y. Dkt. 71.  Defendants took no steps to comply with that Order.

On February 5, 2016, the IDB filed an Order to Show Cause for Civil Contempt Against Defendants for their failure to comply with the Court's orders regarding any of IDB's discovery requests.  S.D.N.Y. Dkt. 70.  The Court held a hearing on the Order to Show Cause on February 25, 2016.  Defendants failed to appear.  On February 26, 2016, the Court entered an Order holding Defendants in contempt for failing to comply with its discovery order and applying a $10,000 per day coercive fine for non-compliance.  Daniels Decl., Ex. 3 (S.D.N.Y. Dkt. 92).  The Court retained jurisdiction to monitor and enforce this Order.  *Id.*  Defendants have failed to purge that contempt and have failed to make the ordered production of documents or make witnesses available for testimony.

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 9 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

**II.     THE SUBPOENA TO MR. PESCARMONA**

In furtherance of its post-judgment discovery efforts, the IDB served a subpoena on Lucas Pescarmona for deposition testimony, the production of documents, and the inspection of any electronic devices in his possession containing responsive information. Daniels Decl., Ex. 4. The subpoena was issued by the S.D.N.Y. The subpoena was served on February 17, 2016. *Id.* Ex. 5. In response, Mr. Pescarmona served no objections to the subpoena's requests for documents or for inspection. *Id.* ¶ 6.

The IDB served a subpoena on Mr. Pescarmona because of his personal role as an owner and control person for IMPSA and Venti. These two entities are ultimately owned and controlled by the Pescarmona family. Numerous members of that family are involved in Defendants' businesses. Mr. Pescarmona is a director of two Spanish entities, Alfos Iberia SL and Bidenal Holding Espana SL, that hold a majority stake in Venti and, hence, in its subsidiary IMPSA. Daniels Decl., Exs. 12-13. As a director of those two Spanish companies, Mr. Pescarmona has legal control over both IMPSA and Venti.

Mr. Pescarmona also apparently has practical involvement in Defendants' operations. Although Mr. Pescarmona says that he stepped down as an officer of IMPSA in 2013, he continued to receive IMPSA e-mails detailing its business plans after that resignation. *Id.* Exs. 15-16. His own declaration filed in support of his Petition states as follows:

> **Advisory Committee:** A specific committee has been established to focus on the comprehensive advising of Shareholders & the CEO, and is made up of the following members: Enrique Pescarmona, Luis Pescarmona, Sofia Pescarmona [and] Lucas Pescarmona ….

Dkt. 6-3 at p. 5.

Counsel for IDB and Mr. Pescarmona engaged in meet-and-confer discussions during which Mr. Pescarmona's counsel acknowledged that Mr. Pescarmona is currently in possession

9

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 10 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

of company documents that directly bear on this dispute and on the IDB's judgment collection efforts. Daniels Decl. ¶ 8. Mr. Pescarmona nevertheless refused to agree to have this dispute heard by the S.D.N.Y. in the first instance. Instead, Mr. Pescarmona filed the instant Petition on March 18, 2016 asking for an order from this Court to quash the subpoena and for a protective order. On April 4, 2016, the IDB opposed the Petition and filed a Cross-Motion to Compel and to enforce the S.D.N.Y.'s discovery orders against Mr. Pescarmona.

## ARGUMENT

Federal Rule of Civil Procedure 45(f) provides as follows:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f).

There are three reasons why the facts and circumstances present here warrant transfer of all motion practice connected to the Petition to the S.D.N.Y. <u>First</u>, the motions implicate post-judgment discovery orders already issued by the S.D.N.Y. Such a situation expressly constitutes "exceptional circumstances" under Fed. Civ. P. 45(f). Specifically, the 2013 Advisory Committee Note to that rule stated that transfers of subpoenas are warranted "in order to avoid disrupting the issuing court's management of the underlying litigation, <u>as when that court has already ruled on issues presented by the motion</u>." Fed. R. Civ. P. 45 Advisory Committee Note to 2013 Amendment (emphasis added).

The S.D.N.Y. has already issued orders regarding post-judgment discovery that impose obligations on Mr. Pescarmona. Specifically, the S.D.N.Y. issued an Order on December 23,

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 11 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

2015 (the "December 23, 2015 Order") requiring compliance with the IDB's post-judgment discovery demands. Daniels Decl., Ex. 2 (S.D.N.Y. Dkt. 54). In particular, the December 23, 2015 Order requires the production of a broad range of financial information relating to Defendants in response to the IDB's Second Set of Requests for the Production of Documents. *Id.* Ex. 1. On its face, the S.D.N.Y.'s command to produce documents requires the production of documents by Mr. Pescarmona.

For example, the IDB requested that Defendants produce "[a]ll documents regarding the actual or potential restructuring, alteration, amendment of any debt, loan, guarantee or surety by Venti, IMPSA or any of their affiliates." *Id.* (Request No. 17). The S.D.N.Y. ordered that all such documents should be produced. *Id.* Ex. 2. Mr. Pescarmona has such documents in his possession. His counsel admitted as much during the meet and confer discussions that preceded the filing of the Petition. *Id.* ¶ 8. Mr. Pescarmona has nevertheless failed to produce such documents, claiming that the S.D.N.Y.'s order does not apply to him.

Similarly, the IDB also requested the production of "[a]ll documents relating to any dividend [or] transfer of cash or other consideration of any kind from Venti or IMPSA to any entity or person owning a direct or indirect ownership interest in either entity." *Id.* Ex. 1 (Request No. 19). The S.D.N.Y. also ordered that all such documents should be produced. *Id.* Ex. 2. As a director of the Spanish entities that own IMPSA and Venti, and as a member of the family that controls them, it is a virtual certainty that Mr. Pescarmona has documents in his possession responsive to this Request. Again, however, he has failed to produce such documents on the ground that the December 23, 2015 Order does not apply to him.

Under applicable law, Mr. Pescarmona is personally obligated to search for and produce documents responsive to the S.D.N.Y.'s December 23, 2015 Order. *See SEC v. Dunlap*, 253

11

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 12 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

F.3d 768, 775 (4th Cir. 2001) (finding that control person bore responsibility for ensuring that the existing business records were produced pursuant to contempt order).  The IDB's Cross-Motion to Compel filed concurrently with this Motion seeks the enforcement of that order.  To prevent the risk of inconsistent application of the S.D.N.Y.'s orders, the entire discovery dispute should be addressed by that Court in the first instance.

Second, the Petition and Cross-Motion to Compel should be transferred to the S.D.N.Y. to further judicial economy.  The underlying dispute at issue here is a complex one.  Judge Engelmayer has himself specifically noted "the complexity of the litigation" in one of his decisions.  S.D.N.Y. Dkt. 83 at 9 n.5.  Judge Engelmayer is already familiar with the complex facts and circumstances giving rise to this discovery dispute.  He has heard and granted summary judgment and has issued multiple post-judgment orders.  Given Judge Engelmayer's familiarity with the case, it is more efficient for him to assess the appropriateness of the requested discovery from Mr. Pescarmona in light of the need to enforce his judgment.

As case law holds, familiarity with the underlying action "is a compelling factor in 'highly complex' cases where the issuing court is aware of the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *In re Niaspan Antitrust Litig.*, No. 15-CV-1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015); *see also Dispatch Printing Co. v. Zuckerman*, No. 16-CV-80037, 2016 WL 335753, at *2-3 (S.D. Fla. Jan. 27, 2016) (finding exceptional circumstances existed for transfer in case with complex history where transfer was in the interest of judicial economy); *In re UBS Fin. Servs., Inc. of P.R. Secs. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015) (ordering transfer "if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the

Case 1:16-cv-21016-JG   Document 14   Entered on FLSD Docket 04/05/2016   Page 13 of 16

Misc. Case No. 1:16-CV-21016-JEM/Goodman

underlying litigation.") (internal quotation marks and alterations in original omitted). Judge Engelmayer is best positioned to assess any issues raised by the Petition within the full scope of the issues involved in this litigation. There is no competing interest weighing in favor of resolving these motions in this Court.

<u>Third</u>, all motions should be transferred to the S.D.N.Y because there is no burden on Mr. Pescarmona. Transfer presents no burden on Mr. Pescarmona personally because, even though the Petition itself would be transferred to the S.D.N.Y., Mr. Pescarmona's deposition and any production of documents would still take place in Florida. Further, Mr. Pescarmona's counsel has an office in New York and so appearing in that jurisdiction therefore presents no hardship. Rule 45 authorizes his counsel to appear without having to make a *pro hac vice* motion. Fed. R. Civ. P. 45(f) ("[I]f the attorney for a person subject to a subpoena is authorized to practice in the court where the motion [to transfer] was made, the attorney may file papers and appear on the motion as an officer of the issuing court."). Given the $170 million amount in dispute—the cost of additional counsel travel (if any) would be *de minimis*. The IDB is also willing to stipulate to conducting any required hearings with the S.D.N.Y. by telephone to the extent permitted by Judge Engelmayer. The absence of burden here again weighs in favor of transfer. *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45 (D.D.C. 2014) ("Transferring a motion to the jurisdiction where the underling litigation is pending that will require few, if any, modifications of the written submissions, does not rise to the level of unfair prejudice.").

Misc. Case No. 1:16-CV-21016-JEM/Goodman

## CONCLUSION

For the foregoing reasons, the IDB respectfully requests that this Court transfer all motion practice relating to Mr. Pescarmona's Petition to the S.D.N.Y. pursuant to Fed. R. Civ. P. 45(f).

Dated:  April 5, 2016

/s/ Gregory S. Grossman
ASTIGARRAGA DAVIS MULLINS
& GROSSMAN, PA
Gregory S. Grossman, Esq.
ggrossman@astidavis.com
Florida Bar No. 896667
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Tel:  (305) 372-8282

Of Counsel:

RICHARDS KIBBE & ORBE LLP
David W. T. Daniels (ddaniels@rkollp.com)
Jeffrey A. Lehtman (jlehtman@rkollp.com)
Portrait Building, 701 8th Street, N.W.
Washington, DC  20001-3727
Tel:  (202) 261-2960

Robyn H. Frumkin (rfrumkin@rkollp.com)
Maria E. Lapetina (mlapetina@rkollp.com)
200 Liberty Street
New York, New York 10281-1003
Tel:  (212) 530-1800

*Attorneys for Plaintiff Inter-American Development Bank*

Misc. Case No. 1:16-CV-21016-JEM/Goodman

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

_____<br>David Daniels

Misc. Case No. 1:16-CV-21016-JEM/Goodman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants on the service list on April 5, 2016.

/s/ Gregory S. Grossman
Gregory S. Grossman

Service List

**AKERMAN LLP**
*Attorneys for Lucas Enrique Pescarmona*
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

Francisco A. Rodriguez, Esq.
E-mail: francisco.rodriguez@akettnan.com

Andrew J. Dominguez, Esq.
E-mail: andrew.dominguez@akerman.com